IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHANDRA RENA JACKSON o/b/o ) <br> D.T.J., a minor, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. 3:13cv442-MEF |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this appeal, plaintiff challenges the Commissioner's final decision denying her application, on behalf of her minor child ("DTJ"), for Supplemental Security Income under Title XVI of the Social Security Act. In reviewing the Commissioner's decision, the court upholds factual findings that are supported by substantial evidence. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). However, no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. Cornelius, 936 F.2d at 1145-46. In the present case, the ALJ's written decision does not provide the court with sufficient reasoning to permit the court to conclude that the ALJ properly analyzed the credibility of plaintiff's statements and testimony regarding DTJ's subjective symptoms.

Thus, the Commissioner's decision must be reversed for further proceedings.  Id.

## BACKGROUND

### Child Disability

"Federal regulations set forth the process by which the SSA determines if a child is disabled and thereby eligible for disability benefits." Shinn ex rel. Shinn v. Commissioner of Social Sec., 391 F.3d 1276, 1278 (11th Cir. 2004)(citing 42 U.S.C. § 1382c(a)(3)(C)(I) and 20 C.F.R. § 416.906). "The process begins with the ALJ determining whether the child is 'doing substantial gainful activity,' in which case she is considered 'not disabled' and is ineligible for benefits."  Id. (citing 20 C.F.R. §§ 416.924(a), (b)). "The next step is for the ALJ to consider the child's 'physical or mental impairment(s)' to determine if she has 'an impairment or combination of impairments that is severe.'" Id. (citing 42 U.S.C. §§ 416.924(a), (c)).  "For an applicant with a severe impairment, the ALJ next assesses whether the impairment 'causes marked and severe functional limitations' for the child." Shinn, 391 F.3d at 1278  (citing 20 C.F.R. §§ 416.911(b), 416.924(d)).  This determination is made according to objective criteria set forth in the Code of Federal Regulations (C.F.R.). As the Eleventh Circuit has explained,

> [t]he C.F.R. contains a Listing of Impairments ["the Listings", found at 20 C.F.R. § 404 app.] specifying almost every sort of medical problem ("impairment") from which a person can suffer, sorted into general categories. See id. § 416.925(a). For each impairment, the Listings discuss various limitations on a person's abilities that impairment may impose. Limitations appearing in these listings are considered "marked and severe." Id. ("The Listing of Impairments describes ... impairments for a child that cause[ ] marked and severe functional limitations.").

> A child's impairment is recognized as causing "marked and severe functional limitations" if those limitations "meet[ ], medically equal[ ], or functionally equal[ ] the [L]istings." Id. § 416.911(b)(1); see also §§ 416.902, 416.924(a). A child's limitations "meet" the limitations in the Listings if the child actually suffers from the limitations specified in the Listings for that child's severe impairment. A child's limitations "medically equal" the limitations in the Listings if the child's limitations "are at least of equal medical significance to those of a listed impairment." Id. § 416.926(a)(2).

Id. at 1278-79. "Finally, even if the limitations resulting from a child's particular impairment[s] are not comparable to those specified in the Listings, the ALJ can still conclude that those limitations are 'functionally equivalent' to those in the Listings. In making this determination, the ALJ assesses the degree to which the child's limitations interfere with the child's normal life activities. The C.F.R. specifies six major domains of life:

> (i) Acquiring and using information;
>
> (ii) Attending and completing tasks;
>
> (iii) Interacting and relating with others;
>
> (iv) Moving about and manipulating objects;
>
> (v) Caring for [one]self; and
>
> (vi) Health and physical well-being."

Shinn, 391 F.3d at 1279 (citing 20 C.F.R. § 416.926a(b)(1)). "The C.F.R. contains various 'benchmarks' that children should have achieved by certain ages in each of these life domains." Id. (citing 20 C.F.R. §§ 416.926a(g)-(l)). "A child's impairment is 'of listing-level severity,' and so 'functionally equals the listings,' if as a result of the limitations stemming

3

from that impairment the child has 'marked' limitations in two of the domains [above], or an 'extreme' limitation in one domain." Id. (citing 20 C.F.R. § 416.926a(d) and § 416.925(a)).

## The ALJ's Findings

DTJ was ten years old when plaintiff filed the present application for benefits. Plaintiff alleged that DTJ has been disabled since June 1, 2004 (just before her fourth birthday) due to "Severe Asthma and Allergies." (R. 158, 171). As indicated in the Commissioner's summary of the medical evidence of record (see Doc. # 22-1), DTJ has a lengthy history of medical treatment for allergies, asthma, and skin conditions.[1] In a decision issued on August 17, 2012, the ALJ found that DTJ: (1) has not engaged in substantial gainful activity since the application date; (2) has "severe" impairments of asthma, chronic dermatitis, food allergy, and allergic rhinitis; and (3) does not have an impairment or combination of impairments that meets, medically equals, or functionally equals the severity of the listings. (R.14). Therefore, he concluded that DTJ has not been disabled, as defined in the Social Security Act, since the application filing date. (R. 25).[2]

## DISCUSSION

Plaintiff contends, *inter alia*, that the ALJ failed to evaluate her subjective complaints properly. (See Plaintiff's brief, Doc. # 19, pp. 5-8). She urges the court to reverse the

---

[1] Although the court directed plaintiff to file a summary of the evidence (Doc. # 7, ¶ 3), she failed to do so.

[2] On June 6, 2013, the Appeals Council denied plaintiff's request for review.

4

Commissioner's decision and remand the case to the Commissioner with instructions to accept her subjective complaints as true. (Id., p. 13).[3] In the Eleventh Circuit, a claimant's assertion of disability through testimony of subjective symptoms is evaluated pursuant to a three-part "pain" standard. "The pain standard requires '(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)(quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). The standard applies to complaints of subjective symptoms other than pain. Holt, 921 F.2d at 1223. If this standard is met, the ALJ must consider the testimony regarding the claimant's subjective symptoms. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992). "A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995). "If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002)(citing Hale v. Bowen, 831 F.2d 1007 (11th Cir. 1987)). "The credibility determination does not need to cite ""particular phrases or formulations"" but it cannot merely be a broad rejection which is '"not enough to enable

---

[3] Plaintiff's brief lacks both organization and coherent analysis of the legal bases for her challenge to the Commissioner's decision. However, it is clear that she contends that the ALJ failed to state his reasons for rejecting her subjective complaints and that his credibility finding is not supported by substantial evidence.

[the court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole."'" Dyer, *supra*, 395 F.3d at 1210 (citations omitted). "Substantial evidence must support the ALJ's reasons for discrediting pain testimony." Douglas v. Commissioner of Social Security, 486 F. App'x. 72, 75 (11th Cir. Aug. 7, 2012)(citing Hale, 831 F.2d at 1012).

In documents she completed in support of DTJ's claim, plaintiff alleges that DTJ suffers from various symptoms. Plaintiff claims that DTJ's "progress in learning is limited because she can't focus on her work due to her allergies and asthma. She s[c]ratches all the time during school and at home." (R. 164). She reports that DTJ "constantly complains about itching" and scratches herself until there's blood." (R. 169). Plaintiff describes DTJ's subjective complaints of "headaches, stomach aches, itching and difficulty breathing" and expresses her concern about side effects "from all of the different medicines she is taking." (R. 177). Plaintiff indicates that those side effects include dizziness, drowsiness, headaches, and fatigue. (R. 184). She asserts that DTJ is "very uncomfortable and drowzy with all the medications that she is taking" and that it is "hard to stay focused in school." (R. 185; see also R. 223 ("Very drowzy, dizziness, headaches, sleepy and unable to concentrate")). At the first hearing before the ALJ, plaintiff testified that DTJ had multiple absences from school the previous year because of her skin condition and asthma and, also, because of the "[v]ery harsh side effects" of her medications, including fatigue, dizziness, and nausea. (R. 39). Plaintiff reported that DTJ is "constantly scratching her head, her hair and pulling her hair. And just picking with her skin[,]" and that she has difficulty sleeping at night – she

6

tosses and turns and "she's scratching while she sleeps." (R. 41, 43). During the supplemental hearing, plaintiff testified that DTJ continues to suffer side effects from medication: "She's constantly complaining about being dizzy, drowsy. It's hard for her to concentrate at school. She's also complaining about headache a lot, and it's leaving her real sleepy, so, you know, she really can't concentrate in school or help with her work because of medicine as a side effect." (R. 60).

In his decision, the ALJ recites the standard for evaluating subjective symptoms. (R. 15). He then makes the following credibility determination:

> After considering the evidence of record, I find that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with finding that the claimant does not have an impairment or combination of impairments that functionally equals the listings for the reasons explained below.

(Id.). After this finding, the ALJ proceeds to his analysis of each of the functional domains. As to the first five domains, the ALJ's discussion of the evidence is limited to: (1) the conclusions of the non-examining state agency physician, Dr. Heilpern; (2) the report of the consultative psychological examiner, Dr. Kirkland; and (3) the questionnaires completed by DTJ's social studies teacher, M. J. Shepherd, and her math and science teacher, Kim Owens. (R. 16-23). As to the final domain, "Health and Physical Well-Being," the ALJ's refers to DTJ's record of treatment at Stabler Clinic, as well as to Dr. Kirkland's report and Dr. Heilpern's opinion. (R. 23-24). The ALJ finds DTJ to have marked limitations in the domain

of health and physical well-being, but no limitation in the other domains, including that of attending and completing tasks. The ALJ may very well have concluded that certain evidence of record contradicts plaintiff's testimony regarding DTJ's inability to concentrate in school due to constant itching and the side effects of her medications. However, he does not mention any of plaintiff's statements or testimony at any point in his decision, nor does he articulate his reasons for rejecting any particular allegations.

The Commissioner's argument to the court on this issue is telling. The Commissioner states:

> Plaintiff's arguments about the credibility of her mother's statements, *see* Pl. Br. at 7-8, are misplaced. In child disability cases, in addition to statements by medical sources about the child's functioning, the ALJ considers statements by parents, teachers, and other non-medical professionals. *See* 20 C.F.R. § 416.926a(b)(3); SSR 09-2p, 2009 WL 396032, at *4. The ALJ explicitly followed that guidance (Tr. 14), finding that Plaintiff's and Plaintiff's mother's allegations of the intensity, persistence, and limiting effects of Plaintiff's symptoms were not credible (Tr. 15) *and addressing them throughout his decision, particularly in contrast with the objective medical findings and opinions proffered by the treating, examining, and reviewing acceptable medical sources of record* (Tr. 17-24).

(Commissioner's brief, p. 14)(emphasis added). The Commissioner does not direct the court to the ALJ's analysis of any of plaintiff's particular allegations or to the ALJ's statement of any specific reason for his adverse credibility finding. Instead, the Commissioner cites all but the first page or so of the ALJ's discussion of the functional domains (see R. 17-24) and suggests that this discussion – which does not mention the alleged symptoms and side effects at all – has somehow "address[ed] them" and contrasted them with the objective medical

evidence of record. This court cannot agree.[4] The ALJ did nothing more than recite the applicable standards – stating that he had followed them – and make an adverse credibility finding. His written decision gives no indication of the nature of the alleged symptoms or of his reason(s) for rejecting the allegations. The ALJ's "analysis" of the credibility of plaintiff's allegations falls far short of what the Commissioner's regulations and Eleventh Circuit case law require. See SSR 96-7p ("The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision. It is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.' It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight. This documentation is necessary in order to give the individual a full and fair review of his or her claim, and in order to ensure a well-reasoned determination or decision."); Wilson, 284 F.3d at 1225 ("If the ALJ

---

[4] This court has previously considered, and rejected, a substantially similar argument from the Commissioner. See Murray v. Astrue, 2008 WL 4368995, *6 (M.D. Ala. Sept. 24, 2008)("The Commissioner does not suggest that any particular language in the ALJ's decision should be construed as the rationale for the credibility determination, but points to the 'entire opinion.' The Commissioner's argument, in essence, is that an ALJ need not articulate specific and adequate reasons for rejecting testimony regarding a claimant's subjective symptom[s], so long as the ALJ *states* that he is applying the proper standard and the ALJ evaluates all of the other evidence of record regarding the claimant's limitations. However, this is not the law.").

discredits subjective testimony, he must articulate explicit and adequate reasons for doing so."); Preston v. Barnhart, 187 F. App'x. 940, 941 (11th Cir. 2006)(ALJ's reasons for rejecting subjective testimony that satisfies the pain standard must be explicit, adequate, and supported by substantial evidence in the record)(citing Hale v. Bowen, 831 F.2d 1007, 1011-12 (11th Cir. 1987)).

The court cannot review the ALJ's credibility determination for substantial evidentiary support without his stating his reasons for that determination. See Cooper ex rel. O.K. v. Astrue, 2011 WL 2175081, * 4 (M.D. Ala. Apr. 18, 2011)("The Court must be able to discern what parts of Cooper's testimony were credible, which parts were not credible, and what about the testimony was inconsistent with other testimony. Rote recitation of the medical evidence is not the same as legal analysis. The ALJ's summarized facts may support reasons; however, the ALJ must articulate those reasons in a manner that provides the Court with the requisite information that the applicable law was applied and supported by substantial evidence."), *report and recommendation adopted*, 2011 WL 2175011 (M.D. Ala. Jun. 3, 2011). The ALJ's failure to provide sufficient reasoning to allow the court to determine that he considered and analyzed plaintiff's statements and testimony regarding DTJ's subjective symptoms properly requires that the Commissioner's decision be reversed. Cornelius, 936 F.2d at 1145-46; cf. Owens v. Heckler, 748 F.2d 1511, 1514-15 (11th Cir. 1984)("[A]lthough we defer to both the Secretary's factfinding and her policy judgments, we must still make certain that she has exercised reasoned decisionmaking. ... A clear

articulation of both fact and law is essential to our ability to conduct a review that is both limited and meaningful.").

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the Commissioner's decision be REVERSED, pursuant to sentence four of 42 U.S.C. § 405(g), and that this action be REMANDED to the Commissioner for further proceedings.[5]

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before August 1, 2014. Any objections filed must identify specifically the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

---

[5] Because the ALJ's flawed credibility analysis requires reversal, the court does not address plaintiff's remaining contentions. The court expresses no opinion regarding whether DTJ is entitled to SSI benefits under the Social Security Act.

DONE, this 18th day of July, 2014.

                              /s/ Susan Russ Walker
                              SUSAN RUSS WALKER
                              CHIEF UNITED STATES MAGISTRATE JUDGE